UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRED L. HARRIS, )
)
    Petitioner, )
)
vs. ) Case No. 4:10-CV-1003 (CEJ)
)
JEFF NORMAN, )
)
    Respondent. )

## MEMORANDUM

This matter is before the Court on the petition of Fred L. Harris for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] In his response to the petition, respondent Jeff Norman asserts both that the petition is untimely under § 2244(d) and that petitioner's claims for relief are without merit.

    I.    **Discussion**

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1). The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

Petitioner was convicted of one count of forcible rape and, on August 8, 2005, he was sentenced as a prior offender to a fifty-year term of imprisonment. The Missouri Court of Appeals affirmed the conviction and sentence on June 14, 2006. State v. Harris, 193 S.W.3d 995 (Mo. Ct. App. 2006). The mandate issued on July 13, 2006. Petitioner did not seek transfer to the Missouri Supreme Court and, thus, his

---

[1]Petitioner also filed a motion to hold his petition in abeyance.

conviction became final for the purposes of § 2244(d)(1)(A) on the day the mandate issued. Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008).

The limitations period ran for 83 days until petitioner filed a motion for post-conviction relief on October 4, 2006. After the motion was denied, petitioner appealed, without success. On June 1, 2009, the Missouri Court of Appeals issued the mandate following the appeal of the denial of post-conviction relief. Payne v. Kemna, 441 F.3d 570 (8th Cir. 2006). At that point, the running of the limitations period resumed.

To be timely, the instant habeas petition had to be filed 282 days later on March 11, 2010. The petition was mailed on May 26, 2010 and was untimely filed on May 28, 2010.[2]

The one-year statute of limitations set forth in § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, --- U.S. ----, 130 S.Ct. 2549, 2560, (2010). Petitioner asserts that he is entitled to equitable tolling due to the poor service he received from a research firm he hired to assist him in filing his petition. He also asserts that his state-appointed defense counsel and a prison law clerk both told him that he had one year from the date his state post-conviction relief became final to file his petition.

"A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (alterations in original omitted). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d

---

[2]Petitioner's state habeas corpus petition was filed on May 18, 2010, after the expiration of the statute of limitations, and thus affords him no relief. Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (Rule 91 petition filed after expiration of statutory period does not constitute "other collateral review" that tolls statutory period).

803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (limited access to law library did not justify equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (actual innocence claim did not sufficient to warrant equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1016 (8th Cir. 2003) (lack of understanding of the law does not justify equitable tolling).

Petitioner has submitted two letters he received from the appellate office of the Missouri State Public Defender System. Pet. Ex. L [Doc. #14-1]. Both letters addressed the need for him to timely file his state post-conviction motion; the letters do not support his contention that his attorneys misinformed him of the relevant dates for filing his § 2254 petition. Petitioner also submits some of the letters he received from the private research firm he hired. A letter dated September 1, 2009, purporting to "evaluate" petitioner's case urges him to "discover new evidence [,] file a successive motion for relief [and c]ontact a Bar Certified Attorney that will be able to file the necessary motions that the client is in need of." The "Filing Deadline" is listed as "As soon as possible." Pet. Ex. E [Doc. #8-1]. Nothing in the letters suggests that the tardiness of the petition should be attributed to the research firm.

The Court concludes that the circumstances here do not warrant equitable tolling because petitioner failed to pursue his rights diligently. Petitioner did not file his habeas corpus petition until nearly a year after the conclusion of post-conviction proceedings. In Nelson v. Norris, 618 F.3d 886, 893 (8th Cir. 2010), the Eighth Circuit rejected the equitable tolling claim of a petitioner who filed his § 2254 petition nine months after the Arkansas Supreme Court denied his petition for rehearing. In Earl v. Fabian, 556 F.3d 717, 724 (8th Cir. 2009), the Eighth Circuit concluded that a petitioner who did not receive notice that his conviction was final until seven months later nonetheless was not entitled to equitable tolling because once he received notice he still had eight months to timely file his petition. Here, petitioner was on notice by September 1, 2009, that the research firm he hired had no help to offer him. At that point, petitioner still had more than six months to file his § 2254 petition. His failure to file within that period precludes a finding of due diligence and, thus, he is not entitled to equitable tolling.

II. Conclusion

For the foregoing reasons, the Court concludes that the petition for a writ of habeas corpus was untimely filed under § 2244(d)(1) and must be dismissed. Additionally, the Court will not issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right.

An appropriate Judgment will accompany this Memorandum.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2011.